UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

[Filed Electronically]

**JACOB HEALEY and LARRY LOUIS HIBBS, JR., Individually and on behalf of all others similarly situated**

**PLAINTIFFS**

v.                                          v.

CIVIL ACTION NO. 3:17-CV-71-DJH

**JEFFERSON COUNTY, KENTUCKY, LOUISVILLE METRO GOVERNMENT**

And

**MARK BOLTON, in his capacity as the DIRECTOR OF LOUISVILLE METRO DEPARTMENT OF CORRECTIONS**

**DEFENDANTS**

## CLASS ACTION COMPLAINT

### I. Introduction

1. There is no more fundamental American principle than that people should not be imprisoned for longer than is required by a court of law. Jacob Healey and Larry Louis Hibbs, Jr., Plaintiffs, file this action in their individual capacities and on behalf of all persons similarly situated who have been unlawfully falsely imprisoned, detained or incarcerated longer than ordered by Courts of the Commonwealth of Kentucky. This class of people includes all individuals who were so treated from a year preceding the filing of this Complaint to the present.

2. Such false imprisonments and unlawful detainments have been regularly conducted by Defendants and there are hundreds of members of this class. There are

1

questions of law and fact in this case that are common to all members of this class. Plaintiffs' claims are typical of those of their class, and they will fairly and adequately protect the interests of this class.

## II. Jurisdiction and Venue

3. Plaintiffs, and all others similarly situated, seek actual and punitive damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. §1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed them by the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §1331 and §1343. Plaintiffs and the other members of her class also seek declaratory and injunctive relief, as well as damages under the pendent jurisdiction of this Court for negligence, gross negligence and intentional infliction of emotional distress. As Jefferson County, Kentucky is the residence of all defendant parties to this action and the location of all acts pertinent to this suit, venue is proper in this Court.

## III. Class Action

4. Plaintiffs bring this action as a class action pursuant to Rules 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure. The class consists of all individuals, who in the year preceding the filing of this Complaint, were unlawfully falsely imprisoned or detained or kept incarcerated longer than ordered by Courts of the Commonwealth of Kentucky.

5. Plaintiffs will fairly and adequately protect the interests of all class members. They are members of the class and their claims are typical of the claims of all class members. Plaintiffs were offended at the treatment accorded them and the class members and will aggressively pursue the interests of the entire class. Plaintiffs' interest in obtaining injunctive relief and actual and punitive damages for the violations of their constitutional rights and privileges are consistent with and are not antagonistic of those of any other person within their class.

6. Given the circumstances of their imprisonments, as detailed below, Plaintiffs allege, on information and belief, that Defendants regularly and unlawfully falsely imprison, detain or incarcerate persons longer than ordered by Courts of the Commonwealth of Kentucky. Such actions have been perpetrated by Defendants even though there exists no reasonable legal grounds or justification for denying such persons timely and proper release from incarceration. Such actions violate the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and clearly established law of the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit. The only question that remains to be resolved is whether Plaintiffs and the members of the class are entitled to declaratory and injunctive relief, or to an award of compensatory and punitive damages and, if so, the extent of such an award.

7. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

    a. A multiplicity of suits with consequent burden on the courts and Defendants should be avoided.

      b.    It would be virtually impossible for all class members to intervene as parties-plaintiff in this action.

      c.    Upon adjudication of Defendants' liability, claims of the class members can be determined by this Court.

## IV. Parties

8. Plaintiffs are all current or former inmates of the Louisville Metro Department of Corrections ("LMDC").

9. Defendant Jefferson County, Kentucky, Louisville Metro Government at all times mentioned herein, employed, was responsible for the establishment of policies, either formally or by custom, for, and was responsible for the employment, training, supervision and conduct of the officers and employees of LMDC.

10. Defendant Mark Bolton is the Director of LMDC, and as such, established policies formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of LMDC.

## V. Nature of Defendants' Conduct

11. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky and Jefferson County. The offenses described below resulted from the failure of Defendants to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of the citizens of the Commonwealth of Kentucky. Defendants' conduct was intentional or grossly negligent, or indicated active

4

malice toward Plaintiffs and the class or at least a total and reckless disregard for and indifference to their constitutional and common law rights, justifying an award of punitive damages in addition to the actual damages which Plaintiffs and the class are entitled to recover.

### VI. Facts

12. Plaintiff Jacob Healey ("Healey") was ordered on the morning of January 9, 2017 by the Jefferson County Kentucky District Court to be incarcerated for 72 hours (3 days) <u>with work release</u> for said period. Healey was not released from custody by LMDC after he had served 36 hours in custody, <u>nor was he allowed work release</u> as ordered by the Court during his time in custody with LMDC. Healey was not released until he had served approximately 85 hours, and was only released after he began making inquiries himself as to why he was being incarcerated past 72 hours.

13. Plaintiff Larry Louis Hibbs, Jr. ("Hibbs"), was ordered in July 2016 by the Jefferson County Circuit Court to be incarcerated for 30 days, <u>specifically with extended hours work release because Hibbs owned and operated his own business</u>. LMDC refused to allow Hibbs work release to perform services for his own business. In spite of and contrary to the Jefferson Circuit Court's order, Hibbs was improperly and unlawfully imprisoned without any work release for approximately 10 days before he was finally allowed work release.

14. On information and belief, Plaintiffs allege that false imprisonments, detainments or incarcerations of the kind alleged above have repeatedly been brought to the attention of Defendants by Courts of the Commonwealth of Kentucky, court clerks, and members of the Kentucky Bar, but that such false imprisonments,

detainments or incarcerations nonetheless continue unabated.

15. In addition, Plaintiffs allege on information and belief that staff of LMDC themselves have repeatedly raised with Defendants the management, administration, and conditions at LMDC that have caused or contributed to the kind of false imprisonments, detainments or incarcerations identified above, and that Defendants have failed and refused to respond in any meaningful or effective way to curb such false imprisonments, detainments or incarcerations.

## VII. Causes of Action

### Count I

16. Paragraphs 1-15 above are incorporated herein by reference and made this Paragraph 16.

17. Defendants' unlawful false imprisonments, detainments or incarcerations of Plaintiffs and the class, described above, were/are part of a continuing pattern of misconduct and were the result of policies, procedures, customs and practices (or the lack of same), of the LMDC, either written or unwritten, that are systematically applied whenever an arrestee is admitted to LMDC, and/or an egregious failure to train and supervise LMDC staff to prevent such misconduct. Such practices constitute an arbitrary use of government power, and evince a total, intentional and unreasonable disregard for the constitutional and common law rights of the citizens of Kentucky, including Plaintiffs and the members of the class, and the wholesale violations of those rights likely to result from the systematic pursuit of such practices.

18. As a result of the foregoing, Plaintiffs and their class, through Defendants' intentional or grossly negligent conduct, were deprived without due process of law of

6

the following rights and immunities guaranteed them by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983:

    a.    Their right to be secure in their person against unreasonable seizures under the Fourth and Fourteenth Amendments;

    b.    Their right to the equal protection of the law and due process secured by the Fourteenth Amendment; and

    c.    Their right not to be subjected to cruel and unusual punishment under the Eighth and Fourteenth Amendments.

19. Moreover, given the pre-existing law that clearly prohibited Defendants' conduct, Defendants' unlawful wrongful imprisonments, detainments or incarcerations of Plaintiffs and the class were intentional, wanton and malicious, and were indicative of Defendants' total and reckless disregard of, indifference to the rights of, and rise of harm to, Plaintiffs and the other members of the class. Defendants' denial of the Plaintiffs' and class' substantive and procedural due process rights were, and are, shocking to the conscious.

## Count II

20. Paragraphs 1-19 above are incorporated herein by reference and made this Paragraph 20.

21. Defendants have blatantly violated the provisions of KRS 441.025, KRS 441.045, KRS 441.085 and 501 KAR 2:070.

## Count III

22. Paragraphs 1-21 above are incorporated herein by reference and made this Paragraph 22.

23. By virtue of the foregoing, Defendants, without justification, negligently or intentionally inflicted upon Plaintiffs and the class severe mental and emotional distress.

### Count IV

24. Paragraphs 1-23 above are incorporated herein by reference and made this Paragraph 24.

25. By virtue of the foregoing, Defendants were negligent, and grossly negligent, all to the damage of the Plaintiffs and the class.

### VIII. Damages

26. Paragraphs 1-25 above are incorporated herein by reference and made this Paragraph 26.

27. Plaintiffs and the members of the class were unjustifiably and unconstitutionally imprisoned, detained or incarcerated, and as a consequence, among other things, missed medical appointments, school, training classes, and work, were denied their freedom from confinement generally, were subjected to the well-recognized risks that accompany imprisonment in an American jail, and were unnecessarily and unreasonably subjected to severe mental and emotional distress. As a result, they have suffered, and are entitled to recover, actual damages. Furthermore, Defendants' violations of the constitutional and common law rights of the Plaintiffs and the class were cruel, malicious and evinced a total and reckless disregard for and indifference to those rights, entitling Plaintiffs and the class to recover punitive damages from Defendants in order to deter such conduct in the future.

### IX. Declaratory Judgment and Permanent Injunction

28. Paragraphs 1-27 above are incorporated herein by reference and made this Paragraph 28.

29. In addition to the foregoing, Plaintiffs and the class request that this Court issue a declaratory judgment deeming unconstitutional any and all policies, procedures, customs or practices under which they falsely imprisoned, detained or incarcerated, Plaintiffs and members of the class, and/or further request that this Court permanently enjoin the Defendants from following or enforcing such policies, procedures, customs or usages, or enter a mandatory injunction requiring the additional training and supervision necessary to prevent such false imprisonments, detainments or incarcerations in the future..

**WHEREFORE,** Plaintiffs and the class they represent request (a) that this action proceed as a class action under Fed. R. Civ. P. 23 and (b) a trial by jury, and further request that they and all members of the class (c) be awarded actual and punitive damages, (d) be granted the declaratory and injunctive relief requested herein, and (e) be awarded their costs, attorney fees, pre- and post-judgment interest and all other relief to which they are entitled under law or in equity.

Respectfully submitted,

/s/ *James D. Ballinger*
James D. Ballinger
jim@kentuckytrial.com
BALLINGER LAW, PLLC
3610 Lexington Road
Louisville, KY 40207
Telephone: (502) 426-3215


Gregory A. Belzley
gbelzley@aol.com
Camille A. Bathurst
camillebathurst@aol.com
BelzleyBathurst, Attorneys
P.O. Box 278
Prospect, KY 40059
Telephone: (502) 292-2452
**Counsel for Plaintiffs**