# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| JACOB HEALEY, LARRY LOUIS HIBBS, JR., JAMES MICHAEL JARVIS, JR., ALLEN GOODFLEISCH, CYNTHIA DAWN YATES and BETTY MELLOAN, Individually and on behalf of all others similarly situated | |
| | Civil Action No. 3:17-CV-71-RGJ-RSE |
| PLAINTIFFS | |
| vs. | |
| JEFFERSON COUNTY KENTUCKY LOUISVILLE METRO GOVERNMENT, | |
| and | |
| MARK BOLTON, | |
| and | |
| ARNETTA AL-AMIN, 400 South Sixth Street Louisville, KY 40202 | |
| and | |
| DWAYNE CLARK 400 South Sixth Street Louisville, KY 40202 | |
| DEFENDANTS | |

## PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT

Electronically Filed

## I. Introduction

1. There is no more fundamental American principle than that people should not be

1

imprisoned for longer than is required by a court of law. Jacob Healey, Larry Louis Hibbs, Jr., James Michael Jarvis, Jr., Allen Goodfleisch, Cynthia Dawn Yates, and Betty Melloan, Plaintiffs, file this action in their individual capacities and on behalf of all persons similarly situated who have been imprisoned, detained or incarcerated longer than ordered by Courts of the Commonwealth of Kentucky, or under conditions violating the orders of such Courts. Because such practices appear to have continued unabated even after the filing of this litigation, these classes of people must include all individuals who were so treated from a year preceding the filing of this Complaint until the resolution of this litigation.

2. Such practices are systemic and have been regularly conducted by Defendants, and there are potentially hundreds of members of these classes. There are questions of law and fact in this case that are common to all members of such classes. Plaintiffs' claims are typical of those of their class, and they will fairly and adequately protect the interests of their class.

## II. Jurisdiction and Venue

3. Plaintiffs, and all others similarly situated, seek actual and punitive damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. §1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed them by the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §1331 and §1343. Plaintiffs and the other members of their class also seek declaratory and injunctive relief, as well as damages under the pendent jurisdiction of this Court for negligence, gross negligence and intentional infliction of emotional distress. As Jefferson County, Kentucky is the residence of all defendant parties to this action and the location of all acts pertinent to this suit, venue is proper in this Court.

## III. Class Action

4. Plaintiffs bring this action as a class action pursuant to Rules 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure. The classes consists of all individuals, who in the year preceding the filing of this Complaint until the resolution of this litigation, were imprisoned or detained or kept incarcerated:

    a. Longer than ordered by Courts of the Commonwealth of Kentucky; and/or

    b. Under conditions violating the orders of such Courts.

5. Plaintiffs will fairly and adequately protect the interests of all class members. They are members of their class and their claims are typical of the claims of all members of their class. Plaintiffs were offended at the treatment accorded them and their class members and will aggressively pursue the interests of their entire class. Plaintiffs' interest in obtaining injunctive relief and actual and punitive damages for the violations of their constitutional rights and privileges are consistent with and are not antagonistic of those of any other person within their class.

6. Given the circumstances of their imprisonments, as detailed below, Plaintiffs allege, on information and belief, that Defendants regularly imprison, detain or incarcerate persons longer than ordered by Courts of the Commonwealth of Kentucky, and under conditions that violate the orders of such Courts. Such actions have been perpetrated by Defendants even though there exists no objectively reasonable legal grounds or justification for denying such persons timely and proper release from incarceration, or compliance with court orders directing home incarceration or work release. Such actions violate the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and clearly established law of the United States Supreme Court and the United States Court of Appeals for the

Sixth Circuit. The only questions that remain to be resolved are whether Plaintiffs and the members of their class are entitled to declaratory and injunctive relief, and to an award of compensatory and punitive damages and, if so, the extent of such an award.

7. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

    a. A multiplicity of suits with consequent burden on the courts and Defendants should be avoided.

    b. It would be virtually impossible for all class members to intervene as parties-plaintiff in this action.

    c. Upon adjudication of Defendants' liability, claims of the class members can be determined by this Court.

### IV. Parties

8. Plaintiffs are all current or former inmates of the Louisville Metro Department of Corrections ("LMDC").

9. Defendant Jefferson County, Kentucky Louisville Metro Government at all times mentioned herein, employed, was responsible for the establishment of policies, either formally or by custom, for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of LMDC.

10. Defendant Mark Bolton is the Director of LMDC, and as such, established policies formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of LMDC.

11. Defendant Arnetta Al-Amin is the Records Supervisor II at LMDC, and as such, established policies formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of LMDC.

12. Defendant Dwayne Clark is the Chief of Staff of LMDC, and as such, established policies formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of LMDC.

## V. Nature of Defendants' Conduct

13. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky and Jefferson County. The offenses described below resulted from the failure of Defendants to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of the citizens of the Commonwealth of Kentucky and others who have been incarcerated by LMDC. Defendants' conduct was intentional or grossly negligent, or indicated active malice toward Plaintiffs and their class or at least a total and reckless and deliberate disregard for and indifference to their constitutional and common law rights, justifying an award of punitive damages in addition to the actual damages which Plaintiffs and their class are entitled to recover.

## VI. Facts

14. **Plaintiff Jacob Healey** ("Healey") was ordered on the morning of January 9, 2017 by the Jefferson County Kentucky District Court to be incarcerated for three days with work release for said period. Healey was not released from custody by LMDC after he had served three days in custody, nor was he allowed work release as ordered by the Court during his time in custody with LMDC. Healey was not released until he had served approximately five days, and was only released after he began making inquiries himself as to why he was being

incarcerated past three days.

15. **Plaintiff Larry Louis Hibbs, Jr.** ("Hibbs"), was ordered in July 2016 by the Jefferson County Circuit Court to be incarcerated for 30 days, specifically with extended hours work release because Hibbs owned and operated his own business. LMDC refused to allow Hibbs work release to perform services for his own business. In spite of and contrary to the Jefferson Circuit Court's order, Hibbs was improperly and unlawfully imprisoned without any work release for approximately 10 days before he was finally allowed work release.

16. **Plaintiff James Michael Jarvis, Jr.** ("Jarvis"), was arrested on May 23, 2016, and was ordered by the Jefferson Circuit Court to be released on his own recognizance on May 24, 2016. In spite of and contrary to the Jefferson Circuit Court's order, Jarvis was improperly and unlawfully imprisoned by LMDC, and was not released until May 27, 2016, three days after the judge had ordered him to be released.

17. **Plaintiff Allen Goodfleisch** ("Goodfleisch") was ordered on the morning of May 9, 2016 by the Jefferson County Kentucky District Court to be incarcerated for five days with work release for said period. Goodfleisch was not released from custody by LMDC for work release as ordered by the Court during his time in custody with LMDC, and as such he missed five days of work.

18. **Plaintiff Cynthia Dawn Yates** ("Yates") was ordered on July 11, 2016 by the Jefferson County Kentucky District Court to be released from the LMDC jail and placed in the Home Incarceration Program ("HIP"). LMDC did not release Yates from its jail or allow her to be placed on HIP. It was not until Yates appeared by herself in front of the Jefferson County Kentucky District Court seven days later on July 18, 2016 that she was finally released from LMDC. In addition, a grand jury returned a "no true bill" on the charges Yates was incarcerated

6

for on July 12, 2017 and the case against Yates was dismissed on the same date. However, LMDC still kept Yates incarcerated for six days beyond the date the case against her was dismissed.

19. **Plaintiff Betty Melloan ("Melloan")** was arrested on January 6, 2018, and was ordered by the Jefferson District Court to be released on her own recognizance on January 8, 2018 at approximately 9:00 a.m. In spite of and contrary to the Jefferson District Court's order, Melloan was imprisoned by LMDC and was not released until after twelve noon **the next day** January 9, 2018, almost 30 hours after the judge had ordered her to be released.

20. Plaintiffs allege that the imprisonments, detainments or incarcerations of the kind alleged above have repeatedly been brought to the attention of Defendants by Courts of the Commonwealth of Kentucky, court clerks, and members of the Kentucky Bar, but that such imprisonments, overdetentions or incarcerations nonetheless continue unabated. The individual Defendants named herein have had personal knowledge of the imprisonments, detainments or incarcerations of the kind alleged above, yet have been deliberately indifferent to rights of the Plaintiffs and the classes of similarly situated individuals who have been imprisoned, detained or incarcerated longer than ordered by Courts of the Commonwealth of Kentucky, or under conditions violating the orders of such Courts. Said actions and inactions on the parts of the Defendants have been, and are, also objectively unreasonable.

21. In addition, Plaintiffs allege on information and belief that staff of LMDC themselves, as well as unions representing staff and employees of LMDC, have repeatedly raised with Defendants the management, administration, and conditions at LMDC that have caused or contributed to the kind of imprisonments, detainments or incarcerations identified above, and that Defendants have failed and refused to respond in any meaningful or effective

way to curb such imprisonments, overdetainments or incarcerations.

## VII. <u>Causes of Action</u>

### <u>Count I</u>

22. Paragraphs 1-21 above are incorporated herein by reference and made this Paragraph 22.

23. Defendants' imprisonments, overdetainments or incarcerations of Plaintiffs and their classes, described above, were/are part of a continuing pattern of misconduct and were the result of policies, procedures, customs and practices (or the lack of same), of the LMDC, either written or unwritten, that are systematically applied whenever an arrestee is admitted to LMDC, and/or an egregious failure to train and supervise LMDC staff to prevent such misconduct. Such practices constitute an arbitrary use of government power, and evince a total, intentional and unreasonable disregard for the constitutional and common law rights of the citizens of Kentucky, including Plaintiffs, and others who have been incarcerated by LMDC, and the members of the classes, and the wholesale violations of those rights likely to result from the systematic pursuit of such practices. Said actions and inactions on the parts of the Defendants have been, and are, also objectively unreasonable.

24. As a result of the foregoing, Plaintiffs and their classes, through Defendants' intentional or grossly negligent conduct, were deprived without due process of law of the following rights and immunities guaranteed them by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983:

      a. Their right to be secure in their person against unreasonable seizures under the Fourth and Fourteenth Amendments;

      b. Their right to the Equal Protection of the law and due process secured by the Fourteenth Amendment; and

  c. Their right not to be subjected to cruel and unusual punishment under the Eighth and Fourteenth Amendments.

25. Moreover, given the pre-existing law that clearly prohibited Defendants' conduct, Defendants' wrongful imprisonments, detainments or incarcerations of Plaintiffs and their classes were intentional, wanton and malicious, and were indicative of Defendants' total and reckless disregard of, indifference to the rights of, and rise of harm to, Plaintiffs and the members of their classes. Defendants' denial of the Plaintiffs' and their classes' substantive and procedural due process rights were, and are, shocking to the conscience. Said actions and inactions on the parts of the Defendants have been, and are, also objectively unreasonable.

## Count II

26. Paragraphs 1-25 above are incorporated herein by reference and made this Paragraph 26.

27. Defendants have blatantly violated the provisions of KRS 441.025, KRS 441.045, KRS 441.085 and 501 KAR 2:070.

## Count III

28. Paragraphs 1-27 above are incorporated herein by reference and made this Paragraph 28.

29. By virtue of the foregoing, Defendants, without justification, negligently or intentionally inflicted upon Plaintiffs and their classes severe mental and emotional distress.

## Count IV

30. Paragraphs 1-29 above are incorporated herein by reference and made this Paragraph 28.

31. By virtue of the foregoing, Defendants were negligent, and grossly negligent, all to the damage of the Plaintiffs and their classes.

## Count V

32. Paragraphs 1-31 above are incorporated herein by reference and made this Paragraph 32.

33. By virtue of the foregoing, Defendants imprisoned Plaintiffs and their classes longer than ordered by the courts of the Commonwealth of Kentucky.

## Count VI

34. Paragraphs 1-33 above are incorporated herein by reference and made this Paragraph 34.

35. By virtue of the foregoing, Defendants imprisoned Plaintiffs and their classes under conditions violating orders of the courts of the Commonwealth of Kentucky, namely home incarceration and work release.

## VII. Damages

36. Paragraphs 1-35 above are incorporated herein by reference and made this Paragraph 36.

37. Plaintiffs and the members of their classes were unjustifiably and unconstitutionally imprisoned, detained or incarcerated, and as a consequence, among other things, missed medical appointments, school, training classes, and work, were denied their freedom from confinement generally, were subjected to the well-recognized risks that accompany imprisonment in an American jail, and were unnecessarily and unreasonably subjected to severe mental and emotional distress. As a result, they have suffered, and are entitled to recover, actual damages. Furthermore, Defendants' violations of the constitutional and common

law rights of the Plaintiffs and their classes were cruel, malicious and evinced a total and reckless disregard for and indifference to those rights, entitling Plaintiffs and their classes to recover punitive damages from Defendants in order to deter such conduct in the future.

## VIII. Declaratory Judgment and Permanent Injunction

38. Paragraphs 1-37 above are incorporated herein by reference and made this Paragraph 38.

39. In addition to the foregoing, Plaintiffs and their classes request that this Court issue a declaratory judgment deeming unconstitutional any and all policies, procedures, customs or practices under which they falsely imprisoned, detained or incarcerated, Plaintiffs and members of the class, and/or further request that this Court permanently enjoin the Defendants from following or enforcing such policies, procedures, customs or practices, or enter a mandatory injunction requiring additional training and supervision and/or policies and procedures to prevent such false imprisonments, detainments or incarcerations in the future.

**WHEREFORE,** Plaintiffs and the classes they represent request (a) that this action proceed as a class action under Fed. R. Civ. P. 23 and (b) a trial by jury, and further request that they and all members of their classes (c) be awarded actual and punitive damages, (d) be granted the declaratory and injunctive relief requested herein, and (e) be awarded their costs, attorney fees, pre- and post-judgment interest and all other relief to which they are entitled under law or in equity.

Respectfully submitted,

/s/ *James D. Ballinger*
James D. Ballinger
jim@kentuckytrial.com
BALLINGER LAW, PLLC
3610 Lexington Road
Louisville, KY 40207
Telephone: (502) 426-3215
Counsel for Plaintiffs

Gregory A. Belzley
gbelzley@aol.com
Camille A. Bathurst
camillebathurst@aol.com
BelzleyBathurst, Attorneys
P.O. Box 278
Prospect, KY 40059
Telephone: (502) 292-2452
Counsel for Plaintiffs