UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

[Filed Electronically]

JACOB HEALEY and LARRY LOUIS )
HIBBS, JR., individually and on behalf )
of all others similarly situated, )
)
)
PLAINTIFFS )
)
)
v. ) Case 3:17-CV-71-RGJ-RSE
)
LOUISVILLE METRO GOVERNMENT, )
et al., )
)
)
DEFENDANTS )

## REPORT OF SPECIAL MASTER, NO. 5

## RECOMMENDATION RE ENTRY OF AGREED ORDER BY THE DISTRICT COURT

Now comes C. Cleveland Gambill, Special Master herein, and for his Fifth Report to the Court, and respectfully states as follows:

The Special Master provides the following brief chronology and summary of relevant activities since his appointment almost 10 months ago:

1. The Special Master was appointed by Order of the Court on May 27, 2022 [DE 123] to, among other things,

    "(P)roceeding with all reasonable diligence to rule upon in the first instance and resolve:

    a) the categories of data (for example, the date and time and inmate was released) that both parties need to extract from the records of the Defendants,

    b) what underlying records must be produced in order to ascertain the data,

1

    c) how the data will be culled from the records and produced so that the parties are satisfied with the transparency and trustworthiness of the process, and

    d) whether it would be appropriate to first produce a sample set of data to be analyzed before engaging in full gathering and production of the records underlying the necessary data, and

    e) any other matter as may be referred to the special master by the Court. *Id.*

2. **Special Master Report No. 1** - The Special Master filed his First Report with the Court on July 28, 2022 [DE 124]. Said Report advised the Court that the Special Master had to that point "engaged in several lengthy telephonic conferences with counsel for the parties, both jointly and severally." In relevant part, the Special Master further advised the Court that the parties had agreed that Defendants would produce for Plaintiffs' counsel a preliminary report by its previously retained expert, Dr. Charles D. Cowan. The Special Master further advised the Court that Dr. Cowan produced his initial draft report on June 15, 2022, entitled "Methods of Review and Analysis of Release Times for Inmates in Louisville." The parties also agreed upon timing for Plaintiffs' counsel to submit written comments on said Draft Report and for the Defendants to Reply to the same. The parties also agreed to a joint meeting, in-person, with all counsel, Dr. Cowen, and key representatives to take place on August 10, 2022. *Id.*

3. **Special Master Report No. 2** - The Special Master filed his Second Report with the Court on August 26, 2022 [DE 125]. Said Report advised the Court that the Special Master had conducted the in-person meeting referenced above on August 10, 2022. In relevant part, the Special Master further advised the Court that the

parties had "reached a tentative agreement to use the expertise and services of Dr. Cowan to collect, sample, and analyze the data in a manner that permits Dr. Cowan to work as collaboratively as possible with the parties, to avoid unnecessary delays, expenses, and analytical issues." *Id.* The Special Master also attached to his Report No. 2, an Agreed Order which was executed by counsel for the parties and had been seen and reviewed and signed by the Special Master. [DE 125-2]. The Agreed Order specified in relevant part the details of the agreement of the parties concerning the collection of data and the development of a "database of information that will deemed reliable and utilized by the Parties and the Court in determining class membership and any remaining merits issues in the litigation." *Id.*

4. The Court entered the Agreed Order referenced above on August 27, 2023. [DE 126].

5. **Special Master Report No. 3** - The Special Master filed his Third Report with the Court on December 4, 2022 [DE 127]. Said Report advised the Court of the progress of Dr. Cowan's review of the "sample months that Plaintiffs' counsel had reviewed as part of its Motion for Class Certification, but that review of data for the sample of months is continuing." *Id.* In relevant part, the Special Master also advised the Court that "an interim report is expected in the first or second week of January outlining data results for the 'Plaintiff sample' period." *Id.*

6. **Special Master Report No. 4** - The Special Master filed his Fourth Report with the Court on January 30, 2023 [DE 128]. Said Report advised the Court in relevant part that "Dr. Cowan and Analytic Focus, LLC ("Analytic') circulated to

3

the parties on January 12, 2023, a 20-page Interim Report on "Time to Release for Inmates at the Louisville Metro Department of Corrections ("the Report")." *Id.* The Special Master also advised the Court that the Report generated a number of issues for discussion among the parties. The Special Master scheduled a Zoom conference for February 8, 2023 to allow the parties "the opportunity to ask Dr. Cowan about the conclusions reached and other statements made in the body of the Report." *Id.* The Special Master also advised the Court that as the data analysis has progressed, counsel for the parties have raised the possibility of early settlement discussions herein, and that the Defendants had "requested 30 days to determine whether they are prepared to engage in settlement discussions at this time." *Id.*

7. Since the Special Master's Fourth Report of January 30, 2023, the Zoom meeting referenced above was conducted. Thereafter, the Defendants' counsel drafted a "Points of Agreement from February 8, 2023 Call", which the Plaintiffs' counsel had opportunity to review, and which writing the Special Master has included in full herein below, as follows."

## "POINTS OF AGREEMENT FROM FEBRUARY 8, 2023 CALL"

"The parties had a call with the Special Master and Dr. C. Cowan on February 8, 2023. Present were counsel for Plaintiff Greg Belzley and Jim Ballinger and counsel for Defendants, John McLandrich and John Carroll, along with Special Master Gambill and Dr. C. Cowan of Analytic Focus, LLC.

During the call counsel had an opportunity to ask questions of Dr. Cowan regarding his interim report, the need for additional sampling, the timing of his final report on the initial months in

4

Plaintiffs' sample, the timing to complete review of two additional months of sample data to address the Covid period of the class, the need for data over the entire class period and Plaintiffs' need to review raw data associated with the review and how that might be addressed.

As a result of these discussions the following points of agreement were reached:

1. Dr. Cowan will prepare a final report related to the months in Plaintiffs' initial sample period by March 3, 2023;
2. Dr. Cowan will make a recommendation for the two additional months to sample to address the impact of the Covid pandemic on the over detention rates;
3. Dr. Cowan will produce a report that integrates the two additional months of data into the initial sample period and will produce that report by May 17, 2023.
4. Dr. Cowan's final report will include, among other things, a catalog of the data he received and the data that he "unpacked" from that received data and a listing and explication of the computer programs applied to that data;
5. The parties will work to agree on a certification, or the like, of the data requested by Dr. Cowan and the data received and relied upon by Dr. Cowan in the preparation of the reports.

> The parties agree that the previously scheduled call of February16, 2023 in not necessary at this time as the matter is ripe for settlement at this time. The parties will reevaluate the readiness for settlement once the work contemplated by the points set forth herein are completed."

The Special Master advises the Court that he was informed that Plaintiffs' counsel had first learned on March 2, 2023 that Dr. Cowan's final report which was due March 3, 2023

would not be completed by said date. A telephonic conference was held by the Special Master on March 3, 2023, concerning the non-production of Dr. Cowan's Final Report referenced above by the March 3, 2023 due date. As a result of the teleconference, the parties agreed to extend the time to no later than March 17, 2023 for Analytic to provide to the parties its Final Report on the initial four-month sample period cited above. The parties further agreed that Analytic shall also provide to the parties a Final Report no later than May 17, 2023, which integrates two additional previously agreed upon months (January 2021 and October 2022), which take into account COVID.

The Special Master finally advises the Court that the parties prepared and executed an "Agreed Order for Extension of Due Dates for Reports on Data Collection" for entry by the Court. The Special Master having received and reviewed the same, said Agreed Order is herewith transmitted to the Court. The undersigned respectfully recommends that the Court approve and enter the Agreed Order to be filed in the record herein.

Dated this 13th day of March 2023.

Respectfully submitted,

/s/ C. Cleveland Gambill
C. Cleveland Gambill, Special Master

Cc: Counsel of Record