UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00071-RGJ-RSE

JACOB HEALEY, et al.                                                                     PLAINTIFFS

v.

LOUISVILLE METRO GOVERNMENT, et al.                                        DEFENDANTS

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

The Plaintiff Class ("Class") moves to supplement the Third Amended Complaint to add Joshua Yates and Paula Thompson as additional named class representatives. [DE 171]. Defendants responded and the Class replied. [DE 172; DE 177]. This matter is ripe. For the reasons below, Plaintiffs' motion [DE 171] is **GRANTED**.

### I.    BACKGROUND

The Class brings claims against Louisville-Jefferson County Metro Government ("Metro Government"), Mark Bolton ("Bolton"), Director of the Louisville Metro Department of Corrections ("LMDC"), Arnetta Al-Amin ("Al-Amin"), Coordinator of LMDC's records department, and Dwayne Clark ("Clark"), Chief of Staff of LMDC (collectively "Defendants"), alleging violations of state law and seeking relief under 42 U.S.C. § 1983 for violating the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. [DE 37 at 346-349]. The Class alleges that Defendants "regularly imprison, detain or incarcerate persons longer than ordered by Courts of the Commonwealth of Kentucky, and under conditions that violate the orders of such Courts. Such actions have been perpetrated by Defendants even though there exists no objectively reasonable legal grounds or justification for denying such persons timely and proper

release from incarceration." *Id*. at 347.  Specifically, the named Plaintiffs allege that LMDC held each of them for more than one day after they were to be released:

> 1. **Plaintiff Jacob Healey ("Healey")** was ordered by the court to serve only three days' imprisonment at LMDC but ended up spending five – he was released only after his repeated inquiries as to why he was still being held [DN 37, Compl. at ¶ 14];
>
> 2. **Plaintiff James Michael Jarvis, Jr. ("Jarvis")** remained incarcerated for three days after he was ordered released on his own recognizance ("ROR").  *Id.* at ¶ 16;
>
> 3. **Plaintiff Cynthia Dawn Yates ("Yates")** remained incarcerated for six days after her charges were dismissed.  *Id.* at ¶ 18; and
>
> 4. **Plaintiff Betty Melloan ("Melloan")**, despite being ROR'd at approximately 9:00 a.m. on January 8, 2018 (almost one year *after* this case was filed), was not released until after twelve noon the next day on January 9, 2018, almost 30 hours after the judge ordered her to be released. *Id.* at ¶ 19.

[DE 50 at 1221-1222] (emphasis in original).  On January 15, 2021, the Court certified a class Counts I, II, III, IV, V, VII, and VIII of the Third Amended Complaint based on two subclasses, defined as:

> Subclass A: All persons who from February 3, 2016 to present were imprisoned in the Louisville Metro Department of Corrections for more than four hours after satisfaction of their term of imprisonment set by prior court order due to the failure of Defendants to implement and maintain an adequate process for timely releasing imprisoned inmates.
>
> Subclass B: All persons who from February 3, 2016 to present were detained in the Metro Government Department of Corrections for more than twelve hours after receipt of an order directing their release due to the failure of Defendants to implement and maintain an adequate process for timely releasing detained inmates.

[DE 72, at 2135-36]. The primary distinction between the two subclasses is Subclass A pertains to individuals imprisoned more than four hours after they were set to be released and Subclass B pertains to individual who were detained more than twelve hours after they were set to be released. Named Plaintiffs Jarvis and Melloan are members of Subclass A, while named Plaintiffs Healey

and Cynthia Yates are members of Subclass B. [DE 72 at 2131].

After the class was certified, Cynthia Yates was dismissed as a party pursuant to Fed. R. Civ. P. 25(a)(1) due to her death. [DE 169]. Also, since that time, it appears that Jarvis cannot be found. [DE 165, Joint Status Report, at 3013].

The Class now seeks to supplement the Third Amended Complaint to add two additional class representatives: Joshua Yates and Paula Thompson. [DE 171]. The proposed supplement to the Third Amended Complaint would add the following allegations as to these two individuals:

> 19B. **Plaintiff Joshua Yates ("Joshua Yates")** spent approximately three weeks in the Jail after being ordered released by a Judge.
>
> 19C. **Plaintiff Paula Thompson ("Thompson")** completed a court ordered sentence the morning of Saturday, July 16, 2018, but was not released from the Jail until the morning of Monday, July 18, 2018, because it was only then that she was able to reach her counsel and he intervened on her behalf

[DE 171-1 at 3040]. The Class's motion makes no mention of which subclass Yates and Thompson would fall, but it appears Yates would be in Subclass B as he was ordered released by a Judge, while Thompson would be in Subclass A as she was released after completing a court ordered sentence. Defendants oppose the Class's motion to supplement the Third Amended Complaint. [DE 172].

## II.   STANDARD

"Fed. R. Civ. P. 15 permits a party to either amend or supplement a pleading." *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 359 (W.D. Tenn. 1999). "[A]n amended pleading relates to matters which occurred prior to the filing of the original pleading and entirely replaces such pleading; a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading." *Brian A. v. Bredesen*, No. 3:00-0445, 2009 WL 4730352, at *1 (M.D. Tenn. Dec. 4, 2009) (citation omitted); *see also Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d

912, 919 (E.D. Mich. 2022) (quoting *Ky. Press Ass'n v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005)) ("Generally, an 'amended complaint supersedes the original complaint[.]'"); *Stewart*, 189 F.R.D. at 361 ("[A] supplemental pleading may include new facts, new claims, new defenses, and new parties.").

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)). "A proposed amendment is futile if [it] could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quotation and citation omitted). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). But a denial of leave to amend based "on the fact that the amendment would be futile" is reviewed *de novo*. *Brumablough*, 427 F.3d at 1001.

### III. DISCUSSION

Defendants object to the Class's motion to supplement their complaint to add two additional class representatives. [DE 172]. First, Defendants point out that the Class gives no reason for seeking to add two additional named Plaintiffs. [DE 172 at 3043]. Second, Defendants object that the motion is too late in the litigation, filed seven years after the original complaint and

4

more than five years since the most recent, Third Amended Complaint. [DE 172 at 3043-44]. Finally, Defendants state the current class representatives are adequate and thus no legal basis exists to add additional class representatives. [DE 172 at 3044]. In reply, the Class concedes that the two currently named representatives are adequate to represent the interests of the Class. [DE 172 at 3057].[1] It also states, for the first time, that it seeks to add Yates and Thompson to assist with settlement. [DE 177 at 3057-58] ("the responsibilities for settling litigation of this scope and importance should not rest upon the shoulders of just the two current named class representatives, and that permitting the addition of two more named class representatives would promote the interests of justice and the integrity and fairness of the upcoming efforts to resolve this matter."). This is the sole basis of the Class's motion. The Class argues Defendants cannot demonstrate they would be prejudiced by the amendment. [DE 177].

As an initial matter, Defendants are correct that the Class's motion provides no reason for seeking to add two additional class representatives. The grounds for the motion are provided for the first time in the reply. This could be unfair to the Defendants, as they did not have a chance to respond to an argument that should have been raised in the motion. However, a review of the parties' joint status reports reveals that Defendants have been aware of Cynthia Yates's death and Jarvis's disappearance, as well as the Class' intent to replace these representatives with members of the existing class. [DE 162, DE 164, DE 174]. Defendants have maintained in the joint status reports that they object to Cynthia Yates and Jarvis being replaced. [*Id*.]. Thus, it does not appear Defendants are unfairly surprised by the Class' motion.

---

[1] Plaintiff Melloan is a member of Subclass A and Plaintiff Healey is a member of Subclass B. As noted above, the Class is defined by two subclasses: (Subclass A)-persons imprisoned more than 4 hours after satisfaction of their term of imprisonment, and (Subclass B)-persons detailed more than twelve hours after receipt of an order directing their release. And again, the Class does not specify in its motion which subclass the two additional named Plaintiffs would fall, but it appears Joshua Yates would fall into Subclass B and Thompson would fall into Subclass A.

Thus, the Court considers the factors for allowing a party to supplement the complaint. As noted, it has been over five years since the Third Amended Complaint was filed in this matter on November 28, 2018. [DE 37]. Discovery is set to close on August 1, 2024. [DE 164]. The case is set for mediation on August 5, 2024. [DE 165 at 3013]. But the Court sees no unfair prejudice to the Defendants as the parties advised in their most recent status report that the two remaining named Plaintiffs have yet to be deposed and additional discovery issues remain. [DE 174]. Thus, if the case does not resolve through mediation, discovery will likely need to be extended.

After initial certification, the Class had four named Plaintiffs. Since then, one of the named Plaintiffs (Jarvis) cannot be found and another named Plaintiff (Cynthia Yates) was dismissed due to death. No bad faith is alleged, and this is not an instance of repeated failure to cure a deficiency. Based on the parties' status report Defendants have had notice of the Class's intent two add two named Plaintiffs, and it does not appear the Class has waited an unreasonable amount of time to seek two new named Plaintiffs. Additionally, futility is not in issue as the two individuals sought to be added are already members of the Class. The Class believes addition of two additional named Plaintiffs will assist in settlement. There is support in case law for allowing Joshua Yates and Thompson to replace Cynthia Yates and Jarvis. The Seventh Circuit has held that the "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (collecting cases); *see also* WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 2:17 (5th ed. 2022) ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives.") (collecting cases). Thus, all

factors considered, justice requires allowing the supplement to add as named class representatives Joshua Yates and Paula Thompson, as well as the circumstances under which their claims arose.

Accordingly, the Court being sufficiently advised, **ORDERS** that the Plaintiff Class's motion to supplement the Third Amended Complaint to add Joshua Yates and Paula Thompson as additional named class representatives [DE 171] is **GRANTED**.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

July 26, 2024

Cc:

Hon. C. Cleveland Gambill

Counsel of Record