**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*Electronically Filed*

| | |
|---|---|
| JACOB HEALEY, *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | Case No. 3:17-CV-71-RGJ-RSE |
| ) | |
| LOUISVILLE METRO GOVERNMENT, ) | |
| *et al.*, ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS'**
**SUPPLEMENTAL THIRD AMENDED COMPLAINT**

Come the Defendants, Louisville/Jefferson County Metro Government, Mark Bolton, Dwayne Clark and Arnetta Al-Amin (collectively "Defendants"), by counsel, and for their Answer to Plaintiffs' Supplemental Third Amended Complaint (DN 179) state as follows:

Defendants adopt and reiterate their previous answer(s) to Plaintiffs' Third Amended Complaint (DN 43) as though fully set out herein. More specifically, Defendants address these allegations as follows:

1. Paragraph 1 as originally written calls for legal conclusions to which no response is required. To the extent a response is required Defendants deny same. Defendants are without sufficient information as to the supplemental allegations of supplemental Paragraph 1 as they pertain to newly added Plaintiffs Joshua Yates and Paula Thompson and therefore deny same.

2. Paragraph 2 is denied.

3. Paragraph 3 is admitted insofar as it alleges jurisdiction and venue are proper. The remaining allegations of paragraph 3 are legal conclusions and are also denied.

4. Paragraph 4 calls for a legal conclusion to which no response is required. To the extent a response is required Defendants deny same.

5. Paragraph 5 is denied.

6. Paragraph 6 calls for a legal conclusion to which no response is required. To the extent a response is required Defendants deny same.

7. Paragraph 7 calls for a legal conclusion to which no response is required. To the extent a response is required Defendants deny same.

8. Paragraph 8 is admitted, based on information and belief, as to the previously named Plaintiffs. Defendants are without sufficient information as to the newly named Plaintiffs and therefore deny same.

9. Paragraph 9 calls for a legal conclusion to which no response is required. To the extent a response is required Defendants deny same.

10. Paragraph 10 is admitted insofar as it alleges that Defendant Bolton was LMDC Director when the initial Complaint was filed. The remaining allegations of Paragraph 10 are denied.

11. Paragraph 11 is admitted insofar as it alleges that Defendant Al-Amin was a Records Supervisor II at LMDC when the initial Complaint was filed. The remaining allegations of Paragraph 11 are denied.

12. Paragraph 12 is admitted insofar as it alleges Defendant Clark was LMDC Chief of Staff when the initial Complaint was filed. The remaining allegations of Paragraph 12 are denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 pertains to a Plaintiff that has been dismissed from this lawsuit, and therefore no response is required. To the extent a response is required Defendants deny same.

16. Paragraph 16 is denied.

17. Paragraph 17 pertains to a Plaintiff that has been dismissed from this lawsuit, and therefore no response is required. To the extent a response is required Defendants deny same.

18. Paragraph 18 pertains to a Plaintiff that has been dismissed from this lawsuit, and therefore no response is required. To the extent a response is required Defendants deny same.

19. Paragraph 19 has been split into subparts by Plaintiffs' Supplement. Defendants respond as follows:

   A. Paragraph 19A is denied.

   B. Defendants are without sufficient information as to the allegations of Paragraph 19B, and therefore deny same.

   C. Defendants are without sufficient information as the allegations of Paragraph 19C, and therefore deny same.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 merely restates Paragraphs 1-21, and Defendants therefore reiterate their previous responses.

23. Paragraph 23 is denied.

24. Paragraph 24 asserts legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

25. Paragraph 25 asserts legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

26. Paragraph 26 merely restates Paragraphs 1-25, and Defendants therefore reiterate their previous responses.

27. Paragraph 27 calls for legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

28. Paragraph 28 merely restates Paragraphs 1-27, and Defendants therefore reiterate their previous responses.

29. Paragraph 29 calls for legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

30. Paragraph 30 merely restates Paragraphs 1-29, and Defendants therefore reiterate their previous responses.

31. Paragraph 31 calls for legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

32. Paragraph 32 merely restates Paragraphs 1-31, and Defendants therefore reiterate their previous responses.

33. Paragraph 33 calls for legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

34. Paragraph 34 merely restates Paragraphs 1-33, and Defendants therefore reiterate their previous responses.

35. Paragraph 35 calls for legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

36. Paragraph 36 merely restates Paragraphs 1-35, and Defendants therefore reiterate their previous responses.

37. Paragraph 37 calls for legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

38. Paragraph 38 merely restates Paragraphs 1-37, and Defendants therefore reiterate their previous responses.

39. Paragraph 39 calls for legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

## AFFIRMATIVE DEFENSES

1. All allegations not specifically admitted herein are denied.

2. The above-styled civil action should be dismissed for its failure to state a claim for which relief can be granted.

3. Defendants assert any and all applicable immunity defenses under the law, which are or may become applicable as proof develops, including, but not limited to, qualified immunity, governmental immunity, and/or sovereign immunity.

4. The Defendants deny that they have, singularly or in combination with each other or others, infringed upon any of the Plaintiffs' rights, privileges, or immunities established or protected by the Constitution or laws of the United States of America or the Commonwealth of Kentucky.

5. At all times relevant to the Complaint, Defendants acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to their conduct and with an objectively reasonable belief that their actions were lawful.

6. At all times complained of, the Defendants were acting in their official capacity or capacities, in the course and scope of their employment and therefore was/were acting under privilege to engage in said conduct.

7. To the extent that the injuries and damages complained of by the Plaintiffs in this complaint were caused in whole or in part by their own actions or the actions of a third party, then the claims against these Defendants are barred or reduced comparatively thereby.

8. The complaint may be barred, in whole or in part, by the doctrines of waiver or estoppel.

9. The complaint may be barred, in whole or in part, by the applicable statute of limitations.

10. The above-styled action should be dismissed because the Plaintiffs failed to comply with the Prison Litigation Reform Act, 42 U.S.C.A. Sec. 1997 (e), *et. seq*.

11. Defendants assert that some or all of the named Plaintiffs are insufficiently representative of the certified class and should therefore be disqualified on that basis.

12. Defendants assert that punitive damages are not available to Plaintiff under the claims filed, and/or are not warranted under the facts herein.

13. Defendants affirmatively plead all available defenses per the Federal Civil Rules, including but not limited to assumption of the risk, estoppel, *res judicata* and unclean hands.

14. Plaintiffs have waived some or all of the asserted damages.

15. Defendants reserve the right to plead further herein, and specifically reserve the right to amend their Answer to assert any and all affirmative defenses which facts or discovery herein may reveal appropriate.

**WHEREFORE**, the Defendants respectfully demands:

1. Dismissal of the Complaint in its entirety, with prejudice, or alternatively, judgment in the Defendants' favor;

2. A trial by jury on all triable issues;

3. The Defendants 'costs incurred in defending this action, including reasonable legal fees and expenses; and

4. All other proper relief to which the Defendants may be entitled.

Respectfully submitted,

/s/ *William H. Brammell, Jr.*
William H. Brammell, Jr.
Kayla M. Campbell
WICKER / BRAMMELL PLLC
323 West Main Street, 11th Fl.
Louisville, Kentucky 40202
(502) 780-6185
bill@wickerbrammell.com
kayla@wickerbrammell.com

and

Richard Elder
Assistant Jefferson County Attorney
200 South Fifth Street, Suite 300N
Louisville, KY 40202
(502) 574-3493
richard.elder@louisville.gov

and

John T. McLandrich
Mazanec Raskin & Ryder Co., LPA
100 Franklin's Row
34505 Solon Road, Suite 100
Cleveland, OH 44139
(440) 248-7906
jmclandrich@mrrlaw.com

and

Jan M. West
Goldberg & Simpson, LLC
9301 Dayflower Street
Prospect, KY 40059
(502) 589-4440
(502) 581-1344
jwest@goldbergsimpson.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

    This is to certify that a true copy of the foregoing has been served on this 7th day of August, 2024, via the Court's ECF system, which will send electronic notice to counsel of record.

/s/ *William H. Brammell, Jr.*
William H. Brammell, Jr.