UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JACOB HEALEY, et al., ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| v. ) | Case 3:17-CV-71-RGJ-RSE |
| ) | |
| LOUISVILLE METRO GOVERNMENT, ) | |
| et al., ) | |
| ) | |
| DEFENDANTS. ) | |

**THE PLAINTIFF CLASS'S REPLY TO DEFENDANTS' RESPONSE TO THE SUPPLEMENT TO THE CLASS'S MOTION FOR SANCTIONS**

There's an old adage: when you find yourself in a hole, quit digging. In Defendants' response to the Plaintiff Class's supplementation of its motion for sanctions, they now admit:

1. A review of the actual records of 96 persons identified as "overdetained" by the algorithm has now shown that "only 38 can be said to be overdetained after serving their sentence." DN 197, p. 3. The Class is not prepared to concede the accuracy of Defendants' representation. But even if true, a review of all the actual records of the persons whom the algorithm said were *not* overdetained could reveal errors of equal or even greater magnitude.

2. Two members of the Class – Dustin Bowen and John Wilson – were in fact incorrectly omitted from Analytic Focus's ("Analytic") spreadsheet because of an error in the xJail data or omissions from the paper records it had been provided. Id., p. 7. This highlights that the xJail data on which Analytic has admittedly relied in its work to date is unreliable. It also raises the very serious question of why documentation of

1

Defendants' own investigation and confirmation of an overdetention was omitted from the material provided to Analytic.

3. Defendants are correct that persons on home incarceration are not included in the Class. Id., p. 4.  However, the fact that xJail "lists" such persons as "HIP" is unlikely to be any more reliable than its indication that Class Members Bowen and Wilson were not overdetained.  In fact, the Class attaches as Exhibit 1 a document produced to the Class on October 31, 2024, just 19 days ago, that says of Daniel Harris, whom xJail "listed as HIP":

> ***Main jail*** – good time credit not applied by a new employee trying to learn the process. 5 day late release.

(Emphasis added).

4. Defendants claim that three other persons – Joshua Yates, Anthony Wayne Brown, and William Jenkins – were state inmates or "Other Agency Releases" who were excluded from the class, referencing DN 184-5, Page ID #3146 and 3148. DN 197, pp. 5-6.  The referenced documents merely indicate that *Analytic* excluded from its review persons that *it* determined were not released but transferred to another institution, or whose release date was determined by the state.  The Class is unwilling to accept Analytic's classification of any persons, particularly insofar as it is based on unreliable xJail data.  The best evidence is the existing hard-copy records which should control.  Moreover, unlike persons who were released from home incarceration, the Class has not agreed to the exclusion of any other classification of persons from the Class.  There is no reason why Defendants should be absolved of responsibility for overdetaining any inmate after learning from the state, a court, or any other source, that they were entitled to release.

Defendants criticize the Class for failing to contact Defendants' counsel for an "explanation" of the form and substance of Analytic's work. DN 197, p. 1. That just simply ignores the repeated, documented efforts of Class Counsel to speak directly with Analytic about its work, and Defendants' repeated, documented rejection of those efforts. Many of the documents on which Defendants are basing their arguments were not provided to the Class until October 31, 2024, just 19 days ago. Finally, Defendants' return again to the worn-out argument that the Class should just hire its own expert, which plainly ignores this Court's express direction to the parties that this case not devolve into a battle of the experts that would delay its resolution indefinitely.

Taken as a whole, Defendants' response provides fresh evidence of their intentional, bad faith subversion of the process for resolving this litigation set forth in the Agreed Order entered by this Court, which directed that Analytic independently, objectively, and transparently collect *facts* on which the parties and the Court could rely without any need for additional experts to either understand its work or dispute its conclusions.

Respectfully submitted,

/s/ Gregory A. Belzley
Gregory A. Belzley
gbelzley3b@gmail.com
P.O. Box 278
Prospect, KY  40059
(502) 292-2452

Garry Adams
garry@justiceky.com
Laura Landenwich
laura@justiceky.com
Adams, Landenwich & Lay
517 West Ormsby Avenue
Louisville, KY 40203
502/561-0085

*Counsel for the Plaintiff Class*

3

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served on counsel for Defendants via email on November 18, 2024.

/s/ Gregory A. Belzley
***Counsel for the Plaintiff Class***
