UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JACOB HEALEY, et al., | ) | CASE NO.: 3:17-CV-00071-RGJ-RSE |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFERSON COUNTY KENTUCKY | ) | |
| LOUISVILLE METRO GOVERNMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STATUS REPORT AND JOINT MOTION TO CONTINUE OR CONVERT THE DECEMBER 18, 2024 EVIDENTIARY HEARING**

Now come the parties herein, by counsel, and for their combined Status Report and Joint Motion to Continue or Convert the Evidentiary hearing currently scheduled for December 18, 2024, state as follows:

1. The parties last appeared before the Court on December 3, 2024, for an evidentiary hearing. Plaintiffs took testimony from Dr. Charles Cowan of Analytic Focus regarding the joint data collection herein to date and what data work remains to be done. However, the Court adjourned for the day before the Defendants were able to take any testimony from Dr. Cowan.

2. Accordingly, the hearing was continued to December 18, 2024, to permit an opportunity to elicit further testimony. (DN 209). The parties have each determined that they do not intend to offer any further witness testimony and have informed the Court as directed.

3. The Court further directed the parties to have discussions regarding potential solutions to the issue of the overdetention data and a proposal to move the case forward. (*Id.*).

4. The parties met and conferred on these issues on December 10, 2024

5. The parties again met and conferred on these issues on December 13, 2024.

6. Throughout these meetings the parties have preliminarily identified the following <u>potential</u> options to work towards final disposition of this matter:

    A. Accept the six-month sampling data provided by Analytic Focus in its August 2023 Report, and use that to extrapolate the size of the class over the entire class period; or

    B. Send Notices to <u>all</u> persons who were detained at LMDC during the entire class period and evaluate the responding claims to determine class membership;[1] or

    C. Engage the services of an auditor to review the estimated 230,000+ paper inmate files (or a lesser number of files if agreed to), or a combination of reliable electronic data and select paper files, to confirm overdetentions to the fullest extent possible.

7. The parties have agreed to seek estimates on the potential time and cost from vendors other than Analytic Focus who may be capable of performing the paper audit (Option C). The parties have already begun this process. Unfortunately, because of the scope and the complex nature of the work to be performed, the parties do not expect to be able to obtain any meaningful estimates by December 18, 2024.

8. The parties cannot determine, or advise their clients or the Court about, the true propriety of any of the above options without first having a better understanding of what Option C may require, cost, and how long it will take.

---

[1] The Plaintiff Class does not regard this as a viable option for resolution of this matter and would object to its use.

9. The parties have had productive dialogue about these issues and have also discussed potential ways to refine and simplify the data collection process to achieve an expedient and reliable data set.

10. The parties are committed to working collaboratively and transparently with each other to accomplish this as efficiently as possible.

11. The parties therefore respectfully request to continue the December 18, 2024, hearing for approximately 30 days to allow the parties to diligently obtain sufficient information to come to advise their clients and hopefully reach agreement as to how to proceed, or, in the alternative, present the Court with a more fulsome understanding of the above options.

12. Alternatively, the parties respectfully request that the Court convert the December 18, 2024 hearing to a status conference to discuss the issue articulated above.

Respectfully submitted,

*/s/ Richard Elder*
Richard Elder
Assistant Jefferson County Attorney
200 South Fifth Street, Suite 300N
Louisville, KY 40202
(502) 574-3493
richard.elder@louisville.gov

and

William H. Brammell, Jr.
Kayla M. Campbell
WICKER / BRAMMELL PLLC
323 West Main Street, 11th Fl.
Louisville, Kentucky 40202
(502) 780-6185
bill@wickerbrammell.com
kayla@wickerbrammell.com

and

John T. McLandrich
Mazanec Raskin & Ryder Co., LPA
100 Franklin's Row
34505 Solon Road, Suite 100
Cleveland, OH 44139
(440) 248-7906
jmclandrich@mrrlaw.com
*Counsel for Defendants*

*/s/ Gregory A. Belzley (w/ permission)*
Gregory A. Belzley
gbelzley3b@gmail.com
P.O. Box 278
Prospect, KY 40059
(502) 292-2452
and

Garry R. Adams
garry@justiceky.com
Laura Landenwich
laura@justiceky.com
Adams, Landenwich & Lay
517 West Ormsby Avenue
Louisville, KY 40203
(502) 561-0085
*Counsel for the Plaintiff Class*

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing has been served on this 16th day of December, 2024, via the Court's ECF system, which will send electronic notice to counsel of record.

/s/ *Richard Elder*
Richard Elder