UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| JACOB HEALEY, *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | Case No. 3:17-CV-71-RGJ-RSE |
| ) | |
| LOUISVILLE METRO GOVERNMENT, ) | |
| *et al.*, ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS' STATUS REPORT
RELATED TO KPMG REVIEW AND ANALYSIS**

As instructed by the Court's July 9, 2025 Memorandum of Hearing and Order (Doc. 229) Counsel for the Defendants provide the following status report regarding KPMG's progress in its review of the underlying data:

1. As the parties informed the Court during the last in-person hearing, KPMG has been retained by Louisville Metro to scan, review, and conduct an analysis of LMDC's inmate files during the relevant time period.

2. Before beginning any work, KPMG estimated that it could scan all paper inmate files within four months. As planned, KPMG established its team and technology at Louisville Metro's archive space during the second week of July. The team developed comprehensive procedures for box staging, de-stapling files, and scanning, as well as a digital archive retention process. KPMG compiled a list of 2,078 boxes requiring de-stapling and scanning, which exceeds

the 2,000 boxes originally anticipated based on the list provided by Louisville Metro's Archive Department.

3. In addition to there being more boxes than originally anticipated, the scanning process has taken more time due to the large number of staples included in each inmate file. KPMG quickly learned that LMDC staff routinely stapled page after page together in every file. The inmate files cannot be scanned until every staple is removed. This is an arduous and time consuming task which had not been flagged by the prior expert, and undersigned counsel had no prior knowledge of this impediment prior to KPMG's review.

4. To address this unanticipated issue, KPMG immediately expanded its operations team, adding 12 team members dedicated solely to de-stapling and preparing documents for scanning. As a result, 24 team members are now assigned to de-stapling. Despite these efforts, the de-stapling process is expected to add approximately three months of additional work, based on current productivity rates, thereby extending the scanning phase (Phase I) of the project. For the Court's and parties' benefit, undersigned counsel has included photographs provided by KPMG that illustrate the scope of this issue below:

 

5.     KPMG currently estimates that at least 2,078 boxes need to be scanned. Each box contains approximately 90 inmate-files, and each inmate-file is approximately 30-80 pages in length. So far, KPMG has experienced that most files contain between 15-40 staples. KPMG is constantly updating its timing estimate based on data it collects regarding the number of boxes, the number of inmate files per box, and the average number of documents per file

6.     As the Court knows, KPMG originally estimated a 4-month timeline to complete the scanning of the estimated 5 million documents with an anticipated end-date of Phase I being sometime at the end of October 2025. After uncovering this de-stapling issue, however, KPMG now estimates that scanning will likely extend into January 2026. Below is an updated timeline from KPMG that was provided to undersigned counsel on August 18, 2025:



7.     In an effort to keep the project on track in terms of timing, KPMG has doubled its already expanded workforce and increased the number of scanners being used. As de-stapling operations are completed, KPMG will redirect additional workers to scanning.

8.     In compliance with the Court's Order (Doc. 229), undersigned counsel just became aware of this issue and is promptly presenting this issue to the Court. In addition, undersigned counsel provided an update to Plaintiffs' counsel before submitting this Status Report.

9. Louisville Metro continues to work with KPMG to provide authority for the use of additional resources and to improve processes to ensure that the project continues to move forward expeditiously and will continue to keep both the Court and Plaintiffs apprised of KPMG's progress as it works to complete this very large project.

Respectfully Submitted,

*/s/ Kayla M. Campbell*
William H. Brammell, Jr.
Kayla M. Campbell
Wicker / Brammell PLLC
323 West Main Street, 11th Fl.
Louisville, Kentucky 40202
(502) 780-6185
bill@wickerbrammell.com
kayla@wickerbrammell.com

*/s/ Richard Elder (w/permission)*
Richard Elder
Assistant Jefferson County Attorney
First Trust Centre
200 S. 5th Street, Suite 300N
Louisville, KY 40202
(502) 574-3493
richard.elder@louisvilleky.gov

JOHN T. MCLANDRICH (0021494)
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
jmclandrich@mrrlaw.com

*Defendants Louisville/Jefferson County Metro Government, Mark Bolton, Dwayne Clark and Arnetta Al-Amin*

## CERTIFICATE OF SERVICE

    This is to certify that a true copy of the foregoing has been served on this 19th day of August, 2025, via the Court's ECF system, which will send electronic notice to counsel of record.

*/s/ Kayla M. Campbell*
Kayla M. Campbell